UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JUSTIN HOOPES,<br><br>Defendant. | Case No. 4:11-CV-00510-EJL<br><br>**ORDER** |

CONSENT ORDER FOR PRELIMINARY INJUNCTION
AGAINST DEFENDANT MICHAEL JUSTIN HOOPES

On October 25, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties Under the Commodity Exchange Act ("Complaint") (Dkt. 1) against defendant Michael Justin Hoopes ("Hoopes") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act") as amended by the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203,

Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq*., and the Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2011).

On October 25, 2011, this Honorable Court entered a Statutory Restraining Order (Dkt. 13) against Hoopes prohibiting the withdrawal, transfer, removal, dissipation, concealment, or other disposition of Hoopes' assets, prohibiting the destruction of or prevention of Commission access to Hoopes' books and records, and providing for other relief.

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction ("Motion") (Dkt. 6) seeking an order enjoining Hoopes from committing further violations of the Act as amended and the Regulations, as well as continuing the asset freeze and prohibition on destroying or preventing Commission access to books and records ordered by the Statutory Restraining Order, requiring an accounting, and granting other equitable relief.

Hoopes, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction Against Defendant Michael Justin Hoopes ("Order"), except as to jurisdiction and venue, which he admits, hereby consents to the entry of this Order. Hoopes further states that his consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Hoopes pursuant to Section 6c(a) of the Act as amended, to be codified at 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that

constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act as amended, to be codified at 7 U.S.C. § 13a-1(e), because Hoopes resides in this District and transacted business in this District, and the acts and practices in violation of the Act and Regulations have occurred, are occurring, or are about to occur within this District, among other places.

3. Hoopes waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

## I. INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

6. Hoopes is restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

A. in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person: (A) cheating or defrauding, or attempting to cheat or defraud, such other person; (B) willfully making or causing to be made to such other person any false report or statement, or willfully entering or causing to be entered for such other person any false record; or (C) willfully deceiving, or attempting to deceive, such other person, in violation of Section 4b(a)(1)(A)-(C) of the Act as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C);

B. employing any device, scheme, or artifice to defraud any pool participant, or engaging in any transaction, practice, or course of business that operates as a fraud or deceit upon any pool participant, by use of the mails or any means or instrumentality of interstate commerce in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2006);

C. making use of the mails or other means or instrumentalities of interstate commerce in connection with a commodity pool operator ("CPO") business unless registered with the Commission pursuant to Section 4m(1) of the Act as amended, to be codified at 7 U.S.C. § 6m(1); and

D. while acting as a CPO, commingling the property of any pool he operates with the property of any other person in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2011).

7. Hoopes, is further restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act as amended, to be codified at 7 U.S.C. § 1a), including, but not limited to, trading for himself or others;

B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended, to be codified at 7 U.S.C.

§§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), and/or retail commodity transactions (as described in Section 2(c)(2)(D) of the Act as amended, to be codified at 7 U.S.C. § 2(c)(2)(D)) ("retail commodity transactions"), for his own personal account or for any account in which he has a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, forex contracts, and/or retail commodity transactions traded on his behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, forex contracts, and/or retail commodity transactions;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, forex contracts, and/or retail commodity transactions;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent, or any other officer or employee of any person (as that term is defined in Section 1a of the Act as amended, to be codified at 7 U.S.C. § 1a) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

8. Hoopes, any person or entity acting in the capacity of an agent or employee of Hoopes, and any person who receives actual notice of this Order by personal service or otherwise who is acting in concert or participation with Hoopes, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. withdrawing, transferring, removing, dissipating, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise disposing of any funds, assets, or other property, wherever located, including, but not limited to, all funds, personal property, money, or securities held in safes or safety deposit boxes and all funds on deposit in any financial or brokerage institution,

futures commission merchant ("FCM"), bank, or savings and loan institution held by, under the actual or constructive control of, or in the name of Hoopes, either individually, jointly, or in any other capacity, including both existing assets and assets acquired after the effective date of this Order;

B. destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Hoopes; and

C. refusing to permit authorized representatives of the Commission to inspect, when and as requested, the books, records, and other documents of Hoopes and his agents, including, but not limited to, electronically stored data, tape recordings, and computer disks, wherever they may be situated and whether they are in the possession of Hoopes or others, and to copy said documents, data, and records, either on or off the premises where they may be situated.

## II. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED THAT:**

9. Pending further order of this Court, any bank, financial or brokerage institution, FCM, forex dealer, business entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Hoopes, or that has held, controlled, or maintained custody of any funds, assets, or other property of Hoopes, and that receives notice of this Order by any means, including electronic mail, facsimile, United Parcel Service, or Federal Express, shall:

A. prohibit Hoopes and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets except as directed by further order of the Court;

B. deny Hoopes and all other persons access to any safe deposit box that is:

1. titled in the name of or maintained by Hoopes, either individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Hoopes; or

2. otherwise subject to the control of or access by Hoopes; and

C. cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Hoopes' accounts and businesses.

10. Pending further order of this Court, any bank, financial or brokerage institution, FCM, forex dealer, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Hoopes, or that has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Hoopes, at any time since January 1, 2007, shall:

A. provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name of Hoopes, whether individually, jointly, or in any other capacity, or owned, controlled, managed, or held by, on behalf of, or for the benefit of Hoopes; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is titled in the name of Hoopes, either individually, jointly, or in any other capacity, or that is otherwise subject to the control of or access by Hoopes or any other person on behalf of Hoopes; and

B. upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## III. REQUIRED ACCOUNTING

**IT IS FURTHER ORDERED THAT:**

11. Hoopes shall prepare, sign, and file with the Court, within 15 days of the date of this Order, a complete and accurate accounting of all of Hoopes' assets and liabilities, including

Case 4:11-cv-00510-EJL Document 17-1 Filed 11/07/11 Page 9 of 13

all funds Hoopes received from and paid to customers and other persons in connection with all commodity futures, options on commodity futures, commodity options, and/or forex contracts, and all purported commodity futures, options on commodity futures, commodity options, and/or forex contracts, together with the names, mailing addresses, email addresses, and telephone numbers of any such persons, for the period of January 1, 2007, to and including the date of such accounting.

12. Hoopes shall prepare, sign, and file with the Court, within 15 days of the date of this Order, a complete and accurate accounting of all disbursements made for any purpose whatsoever of any funds received from customers and other persons in connection with all commodity futures, options on commodity futures, commodity options, and/or forex contracts, and all purported commodity futures, options on commodity futures, commodity options, and/or forex contracts, including, but not limited to, salaries, commissions, fees, loans, and other disbursements of money and property of any kind, for the period of January 1, 2007, to and including the date of such accounting.

13. Hoopes shall immediately identify and provide to the Commission an accounting of all assets and property he currently maintains outside the United States, including, but not limited to, all funds on deposit in any bank, financial or brokerage institution, FCM, business entity, or savings and loan institution held by, under the control of, or in the name of Hoopes, either individually, jointly, or in any other capacity, and shall repatriate all funds held in such accounts by paying them to the Clerk of the Court, or as otherwise ordered by the Court, for further disposition in this case.

14. Hoopes shall also produce within a reasonable time period, but no later than 15 days from the date of this Order, all books, records, and other documents supporting or underlying the accounting referenced in paragraphs 11, 12, and 13 of this Order.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

15. Pursuant to Section 6c(b) of the Act as amended, to be codified at 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## V. STAY

**IT IS FURTHER ORDERED THAT:**

16. Except by leave of the Court, Hoopes is stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of Hoopes, including, but not limited to, the following actions:

A. commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, taking or attempting to take possession of, or retaining possession of property of Hoopes or any property claimed by Hoopes, or attempting to foreclose, forfeit, alter, or terminate any of Hoopes' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. using self-help or executing, issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Hoopes; and

D. doing any act or thing to interfere with the exclusive jurisdiction of this Court over funds, assets, or other property of Hoopes.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## VI. SERVICE OF THIS ORDER AND OTHER PAPERS

**IT IS FURTHER ORDERED THAT:**

17. Copies of this Order may be served by any means, including personal service, electronic mail, facsimile, United Parcel Service, Federal Express, other commercial overnight service, or pursuant to Rule 5 of the Federal Rules of Civil Procedure and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, FCM, bank, savings and loan institution, or any other person or entity that holds any accounts, funds, assets, or other property of Hoopes or that may have possession, custody, or control of any documents of Hoopes, or that may be subject to any provision of this Order. Joseph Patrick, Eleanor Oh, and Venice Bickham, all employees of the Commission, are hereby specially appointed to serve process and/or effectuate service of process, including of this Order and all other papers in this action.

## VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED THAT:**

18. Hoopes shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by filing such documents electronically with the Court and/or by delivering a copy to Stephanie Reinhart, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, IL 60661.

## VIII. FORCE AND EFFECT

**IT IS FURTHER ORDERED THAT:**

19. This Order shall remain in full force and effect until further Order of this Court upon application, notice, and an opportunity to be heard, and this Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

## IX. STATUTORY RESTRAINING ORDER SUPERSEDED

**IT IS FURTHER ORDERED THAT:**

20. This Order supersedes the Statutory Restraining Order entered by the Court on October 25, 2011.

**IT IS SO ORDERED.**

UNITED STATES COURTS
DISTRICT OF IDAHO

Dated: **November 07, 2011**

Honorable Edward J. Lodge
United States District Judge

CONSENTED TO AND APPROVED BY:

M N Hoopes

Michael Justin Hoopes, individually

Dated NOV 5, 2011

SRR

Stephanie Reinhart
Attorney for Plaintiff
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
sreinhart@cftc.gov
(312) 596-0688 (direct dial)
(312) 596-0714 (facsimile)
Illinois ARDC No. 6287179

Dated November 3, 2011